[No. 3617.   April 15, 1931.]

STATE v. HARDWICK et al.

[1 Pac. (2d) 974.]

Hatch & Patton of Clovis, and Roberts, Brice & Sanchez, of Santa Fe, for appellants.

Quincy D. Adams, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

PARKER, J.

On May 27, 1930, there was filed in the office of the clerk of the district court of Curry county, N. M., an information by and through E. M. Grantham, assistant district attorney for the Ninth judicial district, charging that E. R. Hardwick and Charles F. Hardwick, of the county of Curry, state of New Mexico, on the 25th day of May, 1930, at the county of Curry, in said state, the said date being the first day of the week, called Sunday, did unlawfully engage in certain sports, by then and there attending, participating in, running, operating, and conducting a moving picture show, at which said moving picture show there was an exhibition for the entertainment and amusement of said defendants and the public, and for which there was charged and collected an admission fee by the said defendants, contrary to the form of the statute in said case made and provided and against the peace and dignity of the state of New Mexico.   A demurrer was in-

terposed to this count and sustained by the court; therefore the said count need not be further considered.

The information contained a second count in which it is charged that the said E. R. Hardwick and Charles F. Hardwick, on the 18th day of May, 1930, the said date being the first day of the week, called Sunday, at the county of Curry, in said state of New Mexico, did unlawfully engage in labor, by then and there participating in, running, operating, and conducting a moving picture show in said county and state for the benefit of the public and themselves, at which an admission fee was charged and collected by the defendants, and which said labor, performed as aforesaid, was not then and there a labor of necessity, charity, or mercy, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of New Mexico.

To the second count of the information the defendants in their demurrer say that the running, operating, and conducting of a moving picture show on Sunday is not such labor as is prohibited by the laws of the state of New Mexico. They further allege that the statutes under which the information is filed in this case were passed and adopted by the territorial Legislature in February, 1887, at a time long prior to the invention of the moving picture machine, and at a time when moving picture shows were unknown; that the Legislature could not have had in mind, nor could it have contemplated an operation of the moving picture show on Sunday; that therefore the operation of the picture show on Sunday is not a violation of the law. They further allege in said demurrer that long prior to and ever since the decision of the Supreme Court of the territory of New Mexico in the case of Territory v. Davenport, 17 N. M. 214, 124 P. 795, 41 L. R. A. (N. S.) 407, the legal profession, peace officers, and private citizens alike have considered and interpreted the statute of the state of New Mexico, commonly referred to as the "Sunday law," as not prohibiting any amusement or recreation which did not tend to immorality; that, under the construction of the said law by the Supreme Court, baseball and such classes of amusement are not prohibited by the laws of the state of New Mexico; and, for the law at

this time to be so construed as to prohibit the operation of a moving picture show on Sunday would amount to arbitrary discrimination and unfair classification; such statutes so construed would not be a general Sunday closing law with reasonable exceptions, but, in effect, would grant special privileges and immunities to certain classes and without legal excuse would deny them to others of the same class, in violation of article 4, § 26, of the Constitution of the state of New Mexico, and said statutes are therefore wholly void. Said demurrer further alleges that said statutes, commonly referred to as the "Sunday closing laws," are further void and further discriminate and grant special privileges, immunities, and exemptions in violation of article 4, § 26, of the Constitution of the state, in that they expressly permit cooks, waiters, and other employees of hotels and restaurants, and butchers and bakers, to labor on Sunday without regard to whether their said labors are necessary, or are works of charity or mercy. Said demurrer further alleges that said information in both counts thereof failed to charge any offense known to the laws of this state.

On July 9, 1930, said demurrer was overruled as to the said second count, to which ruling the defendants saved due exception. On the 9th day of July, 1930, the defendants and each of them stood upon said demurrer and refused to plead further. Whereupon it was ordered and adjudged by the court and it was the judgment and sentence of the court that the said defendants and each of them do make a fine unto the state in the penal sum of $15, and that they pay the costs of the prosecution to be taxed, and that they stand committed until such fine and costs were duly paid. On the same day the said defendants and each of them prayed an appeal to this court, which was granted by the district court, and bail and supersedeas pending such appeal was allowed in the sum of $100, which bond was in due time duly filed in said district court and approved by the clerk thereof. In due time the record in the case has been made and filed in this court in pursuance of a praecipe filed by the defendants.

The original act of the territorial Legislature is chapter 29, Laws of 1876, and is entitled "An Act to Provide for the Proper Observance of the Sabbath," and is as follows:

"Any person, or persons, who shall be found, on the first day of the week, called Sunday, engaged in any games or sports, or in horse racing, cock fighting, dancing, or in any other manner disturbing any worshiping assembly, or private family, or in buying, or selling any goods, wares or merchandise, chattels, or liquors, or any other kind of property, or in holding, or attending any public meeting, or public exhibition, except for religious worship, or instruction; or engaged in any labor—except works of necessity, charity, or mercy; or who shall keep open, any store, shop or office, or other place of business, or place for the display of goods, wares, or merchandise; shall be punished by a fine not exceeding fifty dollars, nor less than ten dollars, for the first offense, and for the second, or any subsequent offense, by a fine of not less than twenty-five dollars, nor more than one hundred dollars, or by imprisonment of not less than five, nor more than twenty days, in the discretion of the court, or justice, upon conviction before any district court, or justice of the peace: * * * Provided, that none of the provisions of this act shall be construed to prevent travelers from prosecuting their journey, and keepers of ferry boats, livery stables, hotels, and restaurants, from accommodating travelers, or from supplying their wants, or to prevent the proprietors of hotels, or restaurants from supplying the wants of their boarders, or lodgers, on said day; barbers may also pursue their vocation; And provided further, that butchers and bakers, may keep their establishments open, and sell meat, bread, and like articles, but shall not sell liquors, or general merchandise; and apothecaries may likewise keep open their places of business, and sell and deliver drugs, or medicines, and surgical instruments, and medical apparatus, but no other articles on said day."

This statute was carried forward into the Compiled Laws of 1884 as section 933. In 1887, by chapter 26, section 933 of the Compiled Laws 1884, was amended and the amendment stands today as section 35-4002, Comp. St. 1929, which is the statute under which this prosecution was instituted, and which provides as follows:

"§ 35-4002. *Sabbath Observance.* Any person or persons who shall be found on the first day of the week, called Sunday, engaged in any sports, or in horse racing, cock fighting, or in any other manner disturbing any worshiping assembly, or private family, or attending any public meeting, or public exhibition, excepting for religious worship, or instruction, or engaged in any labor, except works of necessity, charity or mercy, shall be punished by a fine not exceeding fifteen dollars, nor less than five dollars, or imprisonment in the county jail of not more than fifteen days, nor less than five days, in the discretion of the court upon conviction before any district court."

See, also, section 1789, Code 1915, where the same provisions are set out.

In 1892 the Supreme Court of the then territory in the case of Cortesy v. Territory, 6 N. M. 682, 30 P. 947, 19 L. R. A. 349, considered this section in its present form, and held, Chief Justice O'Brien vigorously dissenting, that the sale of liquor violated said section of the statute and was labor within the meaning of that section. Chief Justice O'Brien said in his dissenting opinion that the interpretation of the statute put upon it by a majority of the court violated every known canon of statutory interpretation. In Territory v. Davenport, 17 N. M. 214, 124 P. 795, 41 L. R. A. (N. S.) 407, it was held that playing baseball does not come within the class of sports prohibited on Sunday by the said section. It was further held that, horse racing and cock fighting being pointed out in the section as prohibited, baseball, not being in the same class of sports, was not prohibited. This decision has stood as the law in this jurisdiction since May 15, 1912, a period of nearly seventeen years.

The running of a picture show is no more labor than the running of a baseball game, in which eighteen men go upon the field and engage in labor which, to say the least, is trying, and the umpire who follows closely the game as it progresses engages in labor such as is beyond the strength of an ordinary man, and yet the playing of a baseball game is a sport not of the class named in the statute, and, as held in the Davenport Case, supra, is not labor within the meaning of the statute and is not a sport of the class prohibited by the statute. No more so is the running of a picture show, which we all know is a place of amusement, entertainment, and instruction, as well as relaxation. Take the case of the great actor, George Arliss, who portrays the character of the great English statesman, Disraeli, so wonderfully that no person seeing such a performance can help but be benefited and instructed. Many other actors in moving pictures might be mentioned who not only entertain but instruct one. Take the case of that inimitable humorist and actor, Will Rogers, who found time from his labor in making moving pictures

to deliver a series of lectures, to which the people flocked in untold hundreds, and at which was collected $250,000 for the drouth sufferers in the Central States. Moving pictures give one a better idea about the different parts of the world in such a way as no other instrumentality does. The Pyramids of Egypt, the South Sea Islands, Japan, China, Russia, and Palestine are all brought to the view in a most entertaining and instructive manner.

We cannot dismiss this case without saying that we of course recognize the power of the state to exercise its police power for the purpose of the public health, safety, morals, and happines, but this power is not an unlimited power. It is a power which must be adapted to the ends sought to be accomplished. Legislation of this kind cannot single out a particular business or occupation and apply the limitation to it alone. Eden v. People, 161 Ill. 296, 43 N. E. 1108, 32 L. R. A. 659, 52 Am. St. Rep. 365, is an interesting case on this subject. In that case the court held unconstitutional and void a statute prohibiting the keeping open of barber shops on Sunday. It applied to no other business or calling. The court in its opinion quotes from Tiedeman on Limitation of Police Powers and Cooley on Constitutional Limitations.

We understand that, except for the rights of defendants in this prosecution, our discussion of the matter has ceased to be of any importance, owing to the fact, as we are advised, that at the session of the Legislature just closed an act was passed specifically allowing the running of picture shows on Sunday and prohibiting municipal prohibition of the same, and that the same has become the law by approval of the Governor.

It follows from all of the foregoing that the judgment of the district court is erroneous and should be reversed, and the cause remanded, with instructions to discharge the defendants, and it is so ordered.

SADLER and HUDSPETH, JJ., concur.

BICKLEY, C. J., and WATSON, J., did not participate.